IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY KEYS,

      Petitioner,

v.                                                   Civil Action No: 5:12cv83
                                                   Criminal No. 5:08cr37
                                                   (Judge Stamp)

UNITED STATES OF AMERICA,

      Respondent.

**REPORT AND RECOMMENDATION**

On June 11, 2012, the *pro se* petitioner, Timothy Keys, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 85). This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL 2.

**I. Factual and Procedural History**

**A. Conviction and Sentence**

On July 29, 2008, petitioner pled guilty to Count Three of the Indictment charging him with aiding and abetting the distribution of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)( C ) and Title 18, United States Code, Section 2. On September 18, 2008, the petitioner was sentenced to 151 months imprisonment.

**B. Appeal**

Petitioner did not file a direct appeal of his conviction and sentence..

**C. Federal Habeas Corpus**

In filing his motion, the petitioner relies on the decision rendered in United States v.

Depierre, 131 S.Ct. 2225 (2011). In particular, it appears that the petitioner argues that as a result of that decision, his 841(b)(1) conviction does not constitute a federal crime.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notice must be given to a petitioner when the Court intends to dismiss his § 2255 motion as being untimely, unless the petitioner can demonstrate otherwise. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005).

salvaged through tolling." Sosa, at 511.

Here, the petition is clearly untimely. The petitioners' judgment order was entered on September 17, 2008. Because petitioner failed to file a direct appeal of his original sentence, his conviction became final on September 27, 2008, ten days after entry of his criminal judgment. See Fed.R.App.P. 4(b)(1). Therefore, under AEDPA, petitioner had until September 27, 2009, to timely file a § 2255 motion. The petitioner did not file his § 2255 motion until June 11, 2012, more than one year after the statute of limitations had expired.

It appears that petitioner's only available argument lies in subsection 3 because his petition raises a right within one-year from the date on which that right was initially recognized by the Supreme Court .[2] However, Depierre did not establish a new rule of constitutional law nor did it make any such rule "retroactive on collateral review." See Fields v. United States, 11-4997 (July 19, 2012 (11th Cir. 2012) ("Fields has not shown that Depierre...are retroactive..."); United States v. Crump, 2012 WL 604140, at *2 (W.D.Va. 2012) (dismissing as untimely a § 2255 relying on Depierre, noting that "Depierre is not retroactively applicable to cases on review"); United States v. Drew, 2012 WL 2069567 at *2 (N.D.W. Va. 2012) (Depierre has not to date been made retroactive to cases on collateral review by the Supreme Court); Wilson v. United States, 2011 WL 6308907 at *3 (W.D.La. 2011) ("Depierre has not been recognized or declared a retroactively applicable Supreme Court decision."). Thus, petitioner's Depierre claim does not save his § 2255 motion and the petition should be dismissed as untimely.

Moreover, even if Depierre were retroactively applicable to cases on collateral review, it

---

[2] There is no evidence that the Government created an impediment to petitioner filing a timely § 2255 motion or that petitioner's motion is based on new facts. Thus, subsections 2 and 4 of § 2255 are not applicable to this case and will not be addressed in more detail.

3

would offer no support for the petitioner's § 2255 motion. More specifically, it appears that the petitioner believes that Depierre somehow altered the burden of proof that the government has in proving distribution of cocaine base. In Depierre, the Supreme Court held that the term "cocaine base" found in the federal statute means not just crack cocaine, but cocaine in its chemically basic form. Depierre, 131 S.Ct. At 2231-32. While defining the term "cocaine base," Depierre does not address or specify the type of proof the government must use to prove distribution of cocaine base. Id.; McCullers v. United States, 2012 WL 1942068 *E.D.Va. 2012). Here, in Count 3, the petitioner pleaded guilty to distribution of cocaine base, and the plea agreement establishes that the total drug relevant conduct to be at least 3 grams but less than 4 grams of cocaine base. Depierre requires nothing more.

### III. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Within fourteen (14) days of being served with a copy of this Recommendation any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to any counsel of record by electronic means..

DATED: December 28, 2012

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE