IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY KEYES,

    Petitioner,

v.                                      Civil Action No. 5:12CV83
                                        (Criminal Action No. 5:08CR37-02)
UNITED STATES OF AMERICA,                   (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION THAT PETITIONER'S
28 U.S.C. § 2255 PETITION BE DENIED
AND DENYING PETITIONER'S MOTION FOR AN
EXTENSION OF TIME TO FILE OBJECTIONS**

On June 11, 2012, the pro se[1] petitioner, Timothy Keyes, filed a motion to vacate, set aside, or correct his sentence. Thereafter, United States Magistrate Judge John S. Kaull entered a report and recommendation denying the petitioner's motion. The petitioner did not file objections. However, he did file a motion for an extension of time to file objections. After he filed the motion for an extension, the petitioner filed a motion for several different documents from his case file. This Court denied in part and granted in part that motion, allowing the petitioner access to certain documents but not others. Further, that same order directed the petitioner to file a memorandum within fourteen days

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

informing the Court why he required the documents that this Court denied him access to. No response has been filed.

## I. Background

On July 29, 2008, the petitioner pled guilty to aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The plea agreement stipulated that the petitioner's total drug relevant conduct would be between three and four grams of cocaine base. The petitioner was sentenced to 151 months imprisonment on September 18, 2008. The petitioner's final judgment order was filed on September 27, 2008. The petitioner did not file a direct appeal of his conviction and sentence.

Almost four years later, the petitioner filed this federal habeas motion pursuant to 28 U.S.C. § 2255, arguing the legality of his detention because his § 841(b)(1) conviction does not constitute a federal crime. The government did not file a response.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate John S. Kaull for initial review and report and recommendation. Magistrate Judge Kaull issued a report and recommendation recommending that petitioner's § 2255 motion be denied and dismissed. In his report and recommendation, the magistrate judge informed the petitioner of his right to object to the recommendations therein within fourteen

days after being served with a copy of the report and recommendation. As stated previously, the petitioner did not file objections but instead filed a motion for an extension of time. As will be discussed hereafter, this Court finds that such an extension should not be granted as it would be futile given that the statute of limitations had run on all but one of the petitioner's claims before the petitioner filed his § 2255 petition and the other claim clearly fails because the crime he was convicted of is still a federal crime.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his § 2255 motion, petitioner makes several claims. However, the only claim that is not barred as untimely is his claim that the crime he was convicted of is no longer a federal crime.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The AEDPA limitation period runs from the last of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The petitioner has filed this habeas petition almost four years after the final order of conviction. Under the AEDPA, petitioner should have filed by September 27, 2009. The magistrate judge reported that the petition was thus clearly untimely because the one-year limitation period had expired by the time of filing. This Court agrees with the magistrate judge. The magistrate judge further recognized that under United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notice must be given to a petitioner when the Court intends to dismiss his § 2255 motion as being untimely. The magistrate judge, however, also recognized that district courts may dispense with notice "if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, 364 F.3d at 511. Based on the length of time that has passed since the petitioner's final order of conviction, this Court finds that the magistrate judge's finding that notice was not required was not clearly erroneous nor contrary to law.

4

The petitioner's only possibility under this motion, thus, would come under his claim that the United States Supreme Court's decision in <u>United States v. Depierre</u>, 131 S. Ct. 2225 (2011), changed the burden of proof that the government has in proving distribution of cocaine base offenses. This claim could only fall under § 2255(f)(3) if in fact the petitioner could show that a new constitutional right was recognized and that right was made retroactively applicable to cases on collateral review.

The magistrate judge reported that the petitioner has failed to show that his petition meets the requirements of § 2255(f)(3). As the magistrate judge observed, <u>Depierre</u> did not establish a new rule of constitutional law nor did it make any such rule retroactive on collateral review. See <u>Fields v. United States</u>, 484 F. App'x 425, 427 (11th Cir. 2012) (defendant was unable to show that <u>Depierre</u> was retroactively applicable); <u>Yates v. Bledsoe</u>, 501 F. App'x 111, 114-15 (5th Cir. 2012) (finding that <u>Depierre</u> did not "render the crimes . . . non-criminal" and that it "has [not] been held retroactively applicable"); <u>United States v. Drew</u>, No. 3:05CR70, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012) (finding that <u>Depierre</u> has not to date been made retroactive to cases on collateral review by the Supreme Court). Consequently, this Court agrees with the magistrate judge that the petitioner's claims under <u>Depierre</u> are not feasible in a § 2255 motion.

5

Finally, even if <u>Depierre</u> were available to the petitioner in this motion, it would not be applicable.  As the magistrate judge noted, <u>Depierre</u> does not address or specify the type of proof the government must use to prove distribution of cocaine base.  <u>Depierre</u>, 131 S.Ct. at 2231-32.  Although the Supreme Court did find that the term "cocaine base" means not just crack cocaine, but cocaine in its chemically basic form, it does not help the petitioner in this case.  <u>Id.</u>  Here, petitioner stipulated in his plea agreement to a total drug relevant conduct of at least three grams of cocaine base.  Further, he pleaded guilty to distribution of cocaine base.  In this case, the standard set forth in <u>Depierre</u> would be met.  For the reasons stated above, this Court adopts the magistrate judge's conclusions, finding that they were not clearly erroneous nor contrary to law.  Additionally, this Court finds that because any objections would be clearly futile, as this Court has found no way for the petitioner's claims to be found valid, the petitioner's request for an extension of time to file objections is denied.

## IV. <u>Conclusion</u>

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.  The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED.  Further, the petitioner's motion for an extension of time to file objections is DENIED.  It

is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 31, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE